UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BOARD OF TRUSTEES OF THE SHEET
METAL WORKERS' LOCAL NO. 71 PENSION
FUND,                                              **COMPLAINT**

v.
                                                   Case No.

GM MECHANICAL HVAC LLC 1,
URBAN HEATING LLC,

                      Defendants.

_____

      Plaintiff, the Board of Trustees of the Sheet Metal Workers' Local No. 71 ("LPF"or "Fund"),

hereby complains as follows:

### Introduction

    1.      This is a civil action brought by an employee benefit plan/trust fund, and by the

Trustees of the Fund, pursuant to Sections 502(a)(3), (d)(1), (g)(2), 515, 4219, 4221, and 4301 of

the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§

1132(a)(3), (d)(1), (g)(2), 1145, 1399, 1401, and 1451. The Fund seeks a monetary judgment against

Defendant awarding delinquent withdrawal liability, accrued interest, liquidated damages, and

attorneys' fees and costs, through the date of judgment, as well as those amounts that becomedue

and owing through the date of judgment, pursuant to Sections 502, 515, and 4301 of ERISA, 29

U.S.C. §§ 1132, 1145, and 1451, the collective bargaining agreement, and the Trust Documentgoverning the

Fund.

### Jurisdiction and Venue

    2.      Jurisdiction is conferred upon this Court by Sections 502(e), (f) and 4301(c) of

ERISA, 29 U.S.C. §§ 1132(e),(f) and 1451(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3.      Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and

Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), as the Plaintiff Fund is administered in this district

with its principal place of business in Buffalo, New York.

4.      Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this

Complaint will be served upon the Secretary of United States Department of Labor and the

Secretary of United States Department of the Treasury by certified mail on the date of filing.

**Parties**

5.      Plaintiff Board of Trustees of the Sheet Metal Workers' Local No. 71 Pension Fund

is the collective name of the trustees of the Sheet Metal Workers' Local No. 71 Pension Fund. The

LPF is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29

U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of

ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension

benefits to eligible employees. At all times material herein, the LPF is and has been a jointly

administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §

186(c)(5). The Trustees of the LPF are duly authorized Trustees whose duty it is to administer the

LPF for the benefit of the participants and beneficiaries of the LPF. The Trustees are "fiduciaries"

within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered

to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§

1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually or jointly referred to as

"LPF" in this Complaint. The LPF is administered at 24 Liberty Avenue, Buffalo, New York 14215.

6.      The Trustees of the Fund bring this action in their collective names or, as necessary

or appropriate, in the name of the trust or plan, and its participants, and beneficiaries pursuant to

Rule 17 of the Federal Rules of Civil Procedure.

7.      At all times relevant to this action, Defendant GM Mechanical HVAC, LLC 1 ("GM Mechanical"), has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

8.      Upon information and belief, at all times relevant to this action, GM Mechanical has been incorporated in the state of New York with a principal place of business at 617 Humboldt Pkwy, Buffalo, NY 14208.

9.      Upon information and belief, on June 13, 2023, GM Mechanical changed its legal name to "URBAN HEATING LLC" ("Urban Heating") by filing a Certificate of Amendment with the New York State Department of State, Division of Corporations pursuant to Section 211 of the New York State Limited Liability Company Law.

10.     Upon information and belief, Defendant GM Mechanical has discontinued use of the GM Mechanical name and is now operating under the name Urban Heating.

**Factual Background**

**A.      Defendant's Obligations**

11.     At all times relevant to this action, Defendant employed employees represented for the purposes of collective bargaining by the Sheet Metal, Air, Rail and Transportation Union, Local 71 ("Local 71" or the "Union"), a labor organization representing employees in an industry affecting interstate commerce.

12.     At all times relevant to this action, Defendant was a signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with the Union. Pursuant to the Agreement, Defendant was obligated to submit monthly remittance reports and fringe benefit

contributions to the LPF for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 71.

13.     Pursuant to the Agreement, Defendant is obligated to abide by the terms and conditions of the Trust Agreement establishing the Fund, including any amendments thereto and policies and procedures adopted by the Board of Trustees ("Trust Document").

**B.     Withdrawal Liability**

14.     The LPF determined that Defendant had affected a complete withdrawal from the LPF on or about May 31, 2022 within the meaning of Section 4203(b) of ERISA, 29 U.S.C. § 1383(b).

15.     The LPF sent a notice of withdrawal to Defendant on August 11, 2022, advising that it owed withdrawal liability to the LPF. This notice informed Defendant that withdrawal liability was assessed in the amount of $257,611.00 and that it was amortized, as required by Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), in a payment schedule to 11 quarterly payments in the amount of $24,292.50 each and a final quarterly payment in the amount of $6,839.60, with the first payment being due October 10, 2022, and final twelfth payment of $6,839.60 due on July 10, 2025.

16.     In accordance with Section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A), Defendant had ninety (90) days from receipt of the initial notice and demand to request a review of the amount of the liability and/or the schedule for the payments. Defendant did not request review.

17.     Pursuant to 29 U.S.C. § 1401(a)(1), an employer can initiate arbitration to dispute its withdrawal liability. Defendant did not initiate arbitration in accordance with the Fund's Trust Document and the time to do so has expired.

18.     Pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), regardless of whether Defendant chose to request review of the withdrawal liability assessment or initiated arbitration, the first withdrawal liability payment was due on October 10, 2022. Defendant failed to timely make the first quarterly payment and has not made any withdrawal liability payments to date.

19.     By letter dated January 27, 2023, the LPF notified Defendant that it failed to make the payments due on October 10, 2022 and January 10, 2023 under the amortized payment schedule and provided the opportunity for Defendant to cure the delinquency. The LPF also notified Defendant in this letter that the failure to correct this delinquency within sixty days of receipt of the letter would constitute a default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

20.     Pursuant to 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), a party is in default if it has not cured its failure to pay its withdrawal liability installment payments within sixty (60) days following a demand. In the event of default, the plan "may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made." 29 U.S.C. § 1399(c)(5).

21.     Defendant failed to cure the delinquency within sixty days and has failed to make the payments due on October 10, 2022, January 10, 2023, April 10, 2023, July 10, 2023, and October 10, 2023. Defendant is now in default and is liable for the unpaid principal of its withdrawal liability, plus accrued interest on the unpaid amounts owed from the due date of the first owed payment not timely made.

22.     Defendant is also liable for reasonable attorneys' fees and costs in accordance with applicable federal law, 29 U.S.C. § 1451(b), (e).

5591713v2 - 012269.0076

23.     ERISA §4219(c)(6), 29 U.S.C.§1399(c)(6) and PBGC Regulations §4219.32 provide that interest shall be charged on any amount in default, from the date the payment was due to the date it is paid. The interest shall be computed and charged for each calendar quarter, or portion thereof, at an annual rate equal to the average quoted prime rate on short term commercial loans for the fifteenth day of the month preceding the beginning of each calendar quarter as reported by the Board of Governors of the Federal Reserve System in Statistical Release H.15.

### Count I
### Withdrawal Liability

24.     Plaintiff realleges and incorporates Paragraphs 1 through 21 with the same force and effect as if fully set forth herein.

25.     This claim arises under ERISA Sections 502(a)(3), (d)(1) and (g)(2), 515, 4219, 4221, and 4301, 29 U.S.C. §§ 1132(a)(3), (d)(1) and (g)(2), 1145, 1399, 1401, and 1451.

26.     Defendant has failed to pay amounts owed for withdrawal liability for a period greater than sixty (60) days after notification of failure by the LPF. As a result, Defendant is in default under Section 4219 of ERISA, 29 U.S.C. § 1399(c)(5).

27.     As a result of Defendant's failure to cure its default on withdrawal liability installment payments to LPF, Defendant is liable for the full principal amount of the final principal amount of the withdrawal liability assessment pursuant to the Trust Document and Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5) in the amount of $274,057.10.

28.     As a result of Defendant's failure to timely remit the withdrawal liability amounts owed to LPF, Defendant is liable for interest on all late payment amounts according to the Trust Document and Section 4219(c)(5) of ERISA in the amount of $16,099.08 (calculated through November 10, 2023). Interest continues to accrue on these unpaid amounts until the date of payment.

29.     Defendant therefore owes a total of at least $290,0156.18 for its failure to make its withdrawal liability payments.

30.     As a result of Defendant's failure to timely remit the withdrawal liability amounts owed to LPF, Defendant is liable for the reasonable costs and attorneys' fees incurred inconnection with this action according to the terms of the Trust Document and federal law.

31.     Prior to commencing this lawsuit, the LPF sent letters and attempted to directly contact Defendant to obtain the outstanding withdrawal liability from Defendant. Defendant has not cured its default. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligation to the LPF, and pay the delinquent withdrawal liability and liquidated damages and interest on the delinquent withdrawal liability.

**WHEREFORE**, Plaintiff requests a judgment against Defendant for all amounts due to the Fund as follows:

1.     Declare that Defendant has defaulted on its withdrawal liability;

2.     Enter judgment against Defendant for the entirety of Defendant's withdrawal liability, inclusive of interest incurred, in the amount of $290,0156.18, together with continuing interest thereon until the date paid or the date of judgment;

3.     Enter judgment for all attorneys' fees and costs incurred by the Fund in pursuing the delinquent amounts as provided by Section 502(g) of ERISA;

4.     Retain jurisdiction over this matter to enter judgment should additional amounts be found due and owing pursuant to the Fund's final calculation of Defendant's withdrawal liability; and

5. Award such other and further relief as the Court deems just and proper.

Dated: November 28, 2023
    Buffalo, New York

        LIPSITZ GREEN SCIME CAMBRIA LLP


        By: /s/ Candace Morrison, Esq.
          Candace Morrison, Esq.
          *Attorneys for Plaintiff*
          42 Delaware Avenue, Suite 120
          Buffalo, New York 14202
          (716) 849-1333 ext. 456
          cmorrison@lglaw.com